# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

NANCY RIVERA,

    Plaintiff,

v.

CREDIT CONTROL, LLC, a Missouri limited liability company,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Nancy Rivera is a natural person.

8. The Plaintiff resides in the City of Pueblo, County of Pueblo, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Credit Control, LLC is a Missouri limited liability company operating from an address at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri, 63042.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18. Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Citifinancial (hereinafter referred to as the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with the original creditor.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection, Defendant's reference number 12441367.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s).

26. In the year prior to the filing of the instant action the Plaintiff and the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) regarding the Account.

27. The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

28. The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

29. The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had the telephone conversation(s) with the Plaintiff in connection with the collection of the Account.

31. During the telephone conversation(s) regarding the Account between the Plaintiff and the Defendant the Defendant while attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit bureau reports and that the Account will stay on the credit bureau reports until it is paid.

32. The Defendant's representations in paragraph 31 were false and were false representations made in connection with the collection of a debt, the Account.

33. Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

34. Upon information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action regarding the Account.

35. Upon information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action regarding the Account.

36. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action regarding the Account.

37. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action regarding the Account.

38. Upon information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action regarding the Account substantiate the Plaintiff's allegations in this action.

39. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) constitute false and/or misleading and/or deceptive representation(s) and/or means and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

40. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

41. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

42. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

### RESPONDEAT SUPERIOR

43. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

44. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

45. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

46. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

47. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

48. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

49. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

50. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

51. The previous paragraphs are incorporated into this Count as if set forth in full.

52. The statement(s) and/or act(s) and/or omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(8) and e(10).

53. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4. Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Post Judgment Interest.

    s/ David M. Larson
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff